**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KIM K.D. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
| Defendant | : | NO.  25-2849 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    February 13, 2026

Kim K.D. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final

decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security

Act.   Plaintiff has filed a brief in support of her request for review, the Commissioner has

responded to it, and Plaintiff has filed a reply.   For the reasons set forth below, Plaintiff's request

for review is granted and the case remanded to the Commissioner.

## I.        PROCEDURAL HISTORY[1]

On September 24, 2021, Plaintiff applied for SSI, alleging that her disability commenced

on August 20, 2020.   R. 17.   The claim was denied initially and upon reconsideration; therefore,

Plaintiff requested a hearing.   *Id.*   On March 5, 2024, Plaintiff appeared for a telephonic hearing,

before David Suna, Administrative Law Judge ("the ALJ"); Plaintiff, represented by an attorney,

testified at the hearing.   *Id.*   On October 1, 2024, the ALJ held a supplemental hearing, at which

vocational expert Kathleen Doehla, ("the VE") testified.   *Id.*   On February 19, 2025, the ALJ, using

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

the sequential evaluation process ("SEP") for disability,[2] issued an unfavorable decision.  R. 17-35.  The Social Security Administration's Appeals Council denied Plaintiff's request for review, on April 23, 2025, making the ALJ's decision the Commissioner's final determination.  R. 1-3.  Plaintiff presently seeks judicial review, and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     <u>Personal History</u>

Plaintiff, born on December 19, 1960, R. 61, was 64 years old on the date of the ALJ's decision.  She attempted to work from June 2022 to December 2022 but was unable to perform the job tasks and resigned.  R. 72.  In March 2024, Plaintiff was living with her 16 year old son; she had recently moved to Pennsylvania from Staten Island, New York.  R. 69-70.  She did not graduate from college, and her only income consisted of early Social Security retirement benefits.  R. 71-72.

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1.  If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. § 416.920(b).
>
> 2.  If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. § 416.920(c).
>
> 3.  If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. § 416.920(f).
>
> 5.  The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled.  *See* 20 C.F.R. § 416.920(g).

B.      Plaintiff's Testimony

At the March 5, 2024 administrative hearing, Plaintiff provided testimony concerning her impairments.  R. 69-88.  Plaintiff suffered three strokes from August 2020 to January 2021.  R. 72-73.  After each stroke, she was hospitalized, in Staten Island, New York, where she resided at the time.  R. 73.  Plaintiff is often out of breath, she has a great deal of joint pain, she suffers from vertigo; she also has diabetic neuropathy, which causes pain in both feet.  R. 81, 87.  She has difficulty with concentration, often reading passages of text multiple times without comprehension.  R. 84-85.  Plaintiff takes a great deal of prescription medications for her conditions which cause blurred vision, insomnia, fatigue, shortness of breath, headaches, nausea and joint pain.  R. 86.

Plaintiff's doctors have instructed her to lift no more than five pounds.  R. 83.  She is able to perform household chores for approximately 10 to 15 minutes; afterwards, she must rest for at least one hour.  R. 82.  On a good day, which she calculated to be less than 50% of each month, she is able to walk approximately one-half block.  R. 82-83.  Plaintiff estimated she could sit in an office chair for approximately 10 to 15 minutes.  R. 83-84.  To alleviate her constant pain, Plaintiff spends 20 to 22 hours each day lying down with her feet elevated.  R. 84.

C.      Vocational Testimony

The VE identified Plaintiff's past job as a Financial Institution Vice President and characterized it as skilled,[3] sedentary[4] work.  R. 54.  The VE opined that this job yielded no

---

[3] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced.  … Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 416.968(c).

[4]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties."  20 C.F.R. § 416.967(a).

transferable skills. R. 55. The ALJ asked the VE to consider an individual who shares Plaintiff's age, education and work experience, and is limited to sedentary work but is capable of frequent pushing, pulling and reaching with the left nondominant upper extremity; occasional climbing of ramps and stairs; she should never climb ladders, ropes, or scaffolds; is capable of occasional balancing, stooping, kneeling, crouching, and crawling; and requires no exposure to hazards such as unprotected heights, dangerous machinery, or operation of a motor vehicle. R. 54-55. The VE opined that this person could perform Plaintiff's past work. R. 55. Next, the ALJ asked the VE to consider the same individual who had limited ability to carry out detailed but not complex instructions. R. 55. The VE opined that this additional restriction rendered the person unable to perform Plaintiff's past job. R. 55. Finally, the VE opined that employers only tolerate workers being off-task 9% of the time and absent from work only one day per month. R. 56.

### III.   THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1.    [Plaintiff] engaged in substantial gainful activity during the following periods: June 6, 2022 through December 2022 (20 CFR 416. 920(b) and 416.971 *et seq.*).

2.    However, there has been a continuous 12 month period(s) during which [Plaintiff] did not engage in substantial gainful activity. The remaining findings address the period(s) [she] did not engage in substantial gainful activity.

3.    [Plaintiff] has the following severe impairments: coronary artery disease ("CAD") status-post stent placement; obesity (20 CFR 416.920(c)).

4.    [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

5.    After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional

4

capacity to perform sedentary work as defined in 20 CFR 416.967(a) except frequent pushing, pulling and reaching with the left nondominant upper extremity; occasional climbing or ramps and stairs; never climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and, no exposure to hazards such as unprotected heights, dangerous machinery, or operation of a motor vehicle.

6. [Plaintiff] is able to perform past relevant work as a Vice President, Financial Institution. This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity (20 CFR 416.965).

7. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since September 24, 2021, the date the application was filed (20 CFR 416.920(f)).

R. 20, 27-28, 34-35.

## IV. DISCUSSION

A. Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different

conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.      Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.       Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined, at SEP step four, that Plaintiff could  perform her past relevant work and, hence, was not disabled.  R. 17-35.  Plaintiff disputes the ALJ's decision arguing that the ALJ committed reversible legal error by failing to include mental health limitations in his residual functional capacity ("RFC") assessment; Plaintiff contends that the ALJ was required to include mental health limitations in her RFC, because he found that she has mild limitation in two areas of mental functioning.  Pl. Br. at 1-9.  The Commissioner denies Plaintiff's assertions.  Resp. at 1-8.  This court finds that Plaintiff's argument has merit.

At SEP step two, the ALJ found that Plaintiff had mild limitations in two areas of mental functioning:  understanding, remembering or applying information; and concentrating, persisting or maintaining pace.  R. 24-25.  The ALJ concluded that Plaintiff's mental impairment was non-severe, because she had only mild or no limitations in each area of mental functioning.  R. 26 (citing 20 C.F.R. § 416.920a(d)(1)).  Although stated that he would account for Plaintiff's mild limitation in these two areas of mental functioning when evaluating her RFC, R. 26, that assessment, *see infra* Section III, contains physical, postural and environmental limitations, but no limitations resulting from Plaintiff's deficits in understanding, remembering or applying information or concentrating, persisting or maintaining pace.  This omission constitutes legal error.

The Commissioner's governing regulation requires that all impairments, even non-severe ones, be considered at all steps of the SEP.  20 C.F.R. § 416.945(a)(2).  The Third Circuit has held that an ALJ need not employ the precise terminology used in the SEP step two analysis, when accounting for mental functioning limitations in the claimant's RFC.  *Hess*, 931 F.3d at 209.  This is because the terminology used at SEP step two is distinct from the terminology required when

evaluating RFC.  *Id.*  When evaluating RFC, the ALJ must describe the claimant's limitations in ways that relate to work-functioning, such as by describing the claimant's abilities to "understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting."  *Id.* (citation omitted).  Finally, although an ALJ need not use any particular language to convey the claimant's work-related mental functioning deficits, those deficits must be conveyed in some fashion.  *Id.* at 210.

Herein, there is no indication that the ALJ conveyed any work-related mental functioning limitations when he formulated Plaintiff's RFC.  The ALJ clearly did not use the Commissioner's preferred terminology, because the RFC assessment did not include any limitations in Plaintiff's ability to:  understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting.  *See Hess*, 931 F.3d at 209 (identifying these limitations).  In the undersigned's experience with Social Security disability cases, that terminology is almost always employed.  Notably, the ALJ's RFC assessment does contain physical, postural, and environmental limitations, using standard terminology that the undersigned has encountered in countless Social Security cases.  Hence, I conclude, from the RFC assessment that the ALJ recorded, that he omitted even the mild mental health limitations he found.  This is legal error.  *See Hess*, 931 F.3d at 210.

The ALJ's legal error was harmful.  Plaintiff's past work was skilled; logic dictates that Plaintiff's mild limitations in (1) understanding, remembering or applying information, and (2) concentrating, persisting or maintaining pace would result in some limitations in her ability to understand, carry out, and remember instructions; use judgment in making work-related decisions;

8

respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting. Furthermore, the VE opined that, if the hypothetical person with Plaintiff's RFC had the additional limitation of being able to carry out detailed but not complex instructions, they could not perform Plaintiff's past job. R. 55. If Plaintiff could not perform her past work, she would be disabled, under Medical-Vocational Rule 201.06. Since the ALJ's error was harmful, remand is appropriate. Upon remand, the ALJ shall formulate those work-related functional limitations caused by Plaintiff's mild limitations in (1) understanding, remembering or applying information, and (2) concentrating, persisting or maintaining pace and reevaluate Plaintiff's ability to perform her past work.

An implementing order and order of judgment follow.